UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. HANNAH GILES and PROJECT VERITAS,<br><br>       Plaintiff,<br><br>  -against-<br><br>PFIZER INC.,<br><br>       Defendant. | Case No. 1:24-cv-00483 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On January 23, 2024, Relator Hannah Giles ("Relator") filed this case under seal on behalf of the United States under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*[1] Dkt. 1 ("Complaint").  Relator alleges that Defendant Pfizer Inc. ("Defendant") violated the FCA when it contracted with the United States to develop and distribute a COVID-19 vaccine while concealing safety and efficacy issues relating to the vaccine.  *See* 7/29/2024, *Ex Parte* Status Report, at 2.  Relator completed service on the Government on or about February 27, 2024.  *Id.*  The Government then investigated the allegations over the next two years.  Following that investigation, on January 13, 2026, the Government declined to intervene.  1/13/2026 Notice of Declination, at 1.

On February 10, 2026, Relator informed the Court that she did not intend to pursue this case, and requested the Court continue to keep this case under seal, presumably permanently since no time frame was provided.  2/10/2026 Motion to Seal, at 1.  Relator argued that sealing the case file is warranted because the "complaint was filed contemporaneously with criminal

---

[1] Project Veritas is also named as a putative relator.  But, in the notice of voluntary dismissal, Relator clarified that Project Veritas's inclusion was inadvertent, and the Complaint asserts no claims on behalf of Project Veritas.  3/3/2026 Notice of Voluntary Dismissal.

investigations of several individuals who were employed" at Relator's firm and "her anonymity is being preserved by [local] law enforcement officials." *Id.* at 1.

Subsequently, on March 3, 2026, Relator filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii). *See* 3/3/2026 Voluntary Dismissal. The Government consented to dismissal and informed the Court that it took no position on Relator's motion to seal. 3/3/2026 Gov't Ltr, at 1. The Court so ordered the Voluntary Dismissal on April 8, 2026. For the following reasons, the motion to continue sealing is DENIED.

## DISCUSSION

"Judicial documents are subject . . . to a potent and fundamental presumptive right of public access[.]" *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). Since Article III judges are shielded from electoral accountability, preserving the public confidence to "the conscientiousness, reasonableness, [and] honesty of judicial proceedings" requires vigorous "professional and public monitoring." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions." *Id.* (quoting *Amadeo*, 71 F.3d at 1048). Therefore, a judicial document may be sealed only when there is a strong countervailing interest against public access. *Id.* at 119, 124.

In *Lugosch*, the Second Circuit articulated a three-step analysis to decide whether material may remain under seal. *Id.* at 119. First, the Court must "conclude that the documents at issue are indeed 'judicial documents,'" meaning that the item is "relevant to the performance

2

of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court "determine[s] the weight of that presumption," *id.*, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," *id.* (quoting *Amodeo*, 44 F.3d at 145). Lastly, the Court weighs the presumption of public access attached to the document against the countervailing factors that counsel against unsealing a judicial document. *Id.* at 120.

Applying this framework, continued sealing of this case is not warranted. First, the documents that Relator seeks to seal, such as the Complaint, are clearly judicial documents. "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (quoting *Fed. Trade Comm'n v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). Even though "Relator voluntarily dismissed this case, 'a pleading's status as a judicial document does not hinge on whether it has been subject to adjudication or has been voluntarily dismissed.'" *United States ex rel. SFN Partners, LLC v. Post Acute Partners, LLC*, No. 20-cv-08262 (JPC), 2022 WL 1171294, at *2 (S.D.N.Y. Apr. 20, 2022) (alteration adopted) (quoting *United States ex rel. Doe v. Horizon Therapeutics PLC*, No. 20-cv-03207 (MKV), 2021 WL 3500911, at *2 (S.D.N.Y. Aug. 9, 2021)); *accord United States ex rel. Eng. v. Parsons-Hietikko*, No. 19-cv-7705 (RA), 2023 WL 1069677, at *2 (S.D.N.Y. Jan. 27, 2023) (collecting cases).

Moving to step two, since Relator "seeks to shield all case records from the public eye, . . . the presumption of public access has extraordinarily substantial weight.'" *SFN Partners*, 2022 WL 1171294, at *2 (quoting *Nago v. Bloomberg L.P.*, No. 19-cv-11483 (GBD)

3

(OTW), 2021 WL 1718949, at *2 (S.D.N.Y. Apr. 30, 2021)); *see also Doe v. Berg*, No. 15-cv-09787 (RJS), 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) ("A Court may only permit the sealing of an entire case file as a last resort." (internal quotation marks and citation omitted)). The weight of the presumption of access "is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks and citation omitted). Since "the public can never evaluate a case that remains permanently sealed, 'a Court may only permit the sealing of an entire case file as a last resort.'" *SFN Partners*, 2022 WL 1171294, at *2 (alteration adopted) (quoting *Berg*, 2016 WL 11597923, at *1).

As to the final step, Relator does not point to any countervailing factors that outweigh this substantial presumption of public access. A party can meet the burden to seal a case permanently when "the 'sealing is required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives.'" *SFN Partners*, 2022 WL 1171294, at *2 (quoting *Berg*, 2016 WL 11597923, at *1); *accord Mamatkulov v. City Univ. of New York*, No. 22-cv-04131 (JPC), 2023 WL 358790, at *2 (S.D.N.Y. Jan. 22, 2023). Here, neither the FCA nor any other statute requires this case to remain under seal permanently. 31 U.S.C. § 3730(b)(2) (requiring the complaint in an FCA *qui tam* action be filed under seal for 60 days while the Government investigates the action). Relator also fails to identify extraordinary circumstances that could warrant sealing the entire case. The only interest Relator identifies is maintaining her confidentiality in relation to a local criminal investigation. While it is true that interference with an ongoing criminal proceeding can justify continued sealing of an FCA case, *cf. United States v. CACI Int'l Inc.*, 885 F. Supp. 80, 82 (S.D.N.Y. 1995) (noting that "an ongoing criminal investigation" is "a legitimate contention

4

under the FCA for keeping information under seal"), Relator does not argue that unsealing will impair that investigation or that this case has any relationship with that investigation, nor does she even confirm that the investigation is ongoing.  She only makes a general claim that sealing will serve "the interests of justice" and "maintain[] the confidentiality of [Relator]."  2/10/2026 Motion to Seal, at 1.  But maintaining confidentiality, without more, does not outweigh the public's substantial interest in "know[ing] that this *qui tam* action was filed, that the Government chose not to intervene, and that Relator subsequently moved to dismiss the case."  *United States ex rel. Love v. Teach for Am., Inc.*, No. 17-cv-02062 (KBF), 2018 WL 1156103, at *2 (S.D.N.Y. Feb. 21, 2018) (finding that "the presumption in favor of public access to judicial documents outweighs Relator's speculative fear of retaliation or ridicule"); *cf. Eng.*, 2023 WL 1069677, at *2 (finding that potential embarrassment and retaliation does not "outweigh the importance of access to the judicial record in this [FCA] case"); *Doe*, 2021 WL 3500911, at *2 ("Relator's concerns of industry-wide retaliation are wholly conjectural and have been repeatedly rejected by courts.").

Unsealing should not come as a surprise to Relator.  "[H]ad the Government decided to intervene," the case would have been unsealed.  *Doe*, 2021 WL 3500911, at *3 (citing 31 U.S.C. § 3730).  Accordingly, Relator "knew or should have known the risk that the action could be unsealed" when she decided to file her Complaint.  *Eng.*, 2023 WL 1069677, at *2 (quoting *SFN Partners*, 2022 WL 1171294, at *2).  She presumably weighed the risk of disclosure against the substantial financial incentives the FCA provides when a *qui tam* case is successful.  *See* 31 U.S.C. § 3730(d)(1)-(2) (providing that *qui tam* plaintiffs stand to recover 15-30% of the proceeds of the action or a settlement).  The fact that the "Government chose not to intervene, and that Relator subsequently moved to dismiss the case," does not allow Relator to avoid the

consequences of her decision.  *Love*, 2018 WL 1156103, at *2; *Doe*, 2021 WL 3500911, at *3

("It is not this Court's obligation to shield Relator from the consequences of its decision.").

**CONCLUSION**

For the aforementioned reasons, the motion to continue sealing is DENIED.  The Clerk of

the Court is respectfully directed to unseal all entries on the docket.

Dated:  April 8, 2026
     New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

6